Andrew H. HOWARD et ux., Plaintiffs,

v.

SUN OIL COMPANY, Defendant.

Civ. A. No. 2212.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

Dec. 11, 1967.

Michael R. Eubanks, Lumberton, Miss., for plaintiffs.

John T. Armstrong, Hazlehurst, Miss., for defendant.

**WILLIAM HAROLD COX,** Chief Judge.

This tort action for conversion of oil in place was instituted here on August 29, 1967. The defendant completed an oil and gas well on November 1, 1947 under a lease executed to the defendant by the record owners on October 16, 1942 of the ten acre tract in Lamar County, Mississippi, described as SW ¼, NW ¼, SW ¼, Section 32, Township 2 N, Range 16 W. The plaintiffs built their home on and a fence around said tract in 1923. On September 13, 1945, there was a settlement of the conflicting claims to this tract by the execution of a quit claim deed by the record owners to Andrew Howard wherein the grantors reserved nine mineral acres and conveyed to the grantee their in-

terest in fee in the surface, but vested the grantee with a non-participating royalty acre which entitled him only to participate in oil and gas as produced. The plaintiffs expressly noted and acknowledged their approval of said deed and the terms thereof on the same date and said instrument was duly filed for record on October 19, 1945. Significantly, the plaintiffs on December 16, 1945 conveyed and warranted their said mineral interest in said land to Jane Lott by instrument duly filed for record on December 17, 1945. Subsequently, on January 21, 1948, the plaintiffs executed a correction deed to Mrs. Jane Lott to clarify their intention to convey all of their undivided royalty interest in said land and to clarify their intention that such instrument "covers and includes all oil runs from and after the date of first production." On January 21, 1948, the plaintiffs executed and duly acknowledged the division order which recited the execution of a valid oil lease on the subject property to the defendant and for a valuable consideration, it was agreed that Andrew Howard had no royalty interest in said property (his royalty interest being blocked out and initialed by plaintiffs) and the plaintiffs expressly authorized and directed defendant to pay the other named parties all royalties from production on said tract under said lease.

The plaintiffs make several untenable contentions. They assert that they were induced to accept the first mentioned deed by a collateral oral promise that they would be paid five thousand dollars when a well was produced on said tract and were told that no well would be drilled unless said deed was accepted as it was. It is stated as a conclusion that they were tricked into such settlement and that they did not know of their rights and that they were thus defrauded and that such was concealed fraud. Suit in tort is brought for their interest in the oil produced from the J. S. Moody No. 1 Well in the Baxterville Field. Both parties have moved for summary judgment on affidavits and

supporting exhibits under Civil Rule 56 (e).

■ While this rule is not in high favor in this circuit, it is a wholesome procedure by which the Court can obviate the necessity for a lengthy trial when it becomes clearly apparent that there is no genuine issue of any material fact and that one party is entitled to a judgment *as a matter of law.* The defendant forcefully insists that necessary parties are not before the Court and that the suit should be dismissed unless such parties are made parties to this action. That contention does not reckon with the indisputable fact that this is not a suit to cancel a cloud on a title to land, or to quiet a title to land. If it were such a suit, then defendant would be eminently correct in its contention, but the complaint would be woefully inadequate and not maintainable without a deraignment of title under the laws of the State of Mississippi.[1] But this is not such a suit in tort for damages for the capture and conversion of petroleum products on the subject land claimed by the plaintiffs. Let it be assumed in this proceeding that the plaintiffs adversely possessed and owned the subject land prior to September 13, 1945. There does not appear to this Court to be any genuine issue as to any material fact about any other question in this case. It simply may not be gainsaid that there was a settlement made between the plaintiffs and the record owners of this property and that Inez Howard participated therein. It is immaterial that she did not employ any word of conveyance in the settlement made. She signed the division order for a valuable consideration which authorized and directed the defendant to exclude the plaintiffs from any participation in the production on the subject land. The conclusionary statements in the complaint are cast aside under Civil Rule 56(e) and nothing is presented to the Court in opposition to defendant's motion to show the existence of any genuine issue of material fact to deserve or require a trial.

■ There is no concealed fraud in this case. The defendant promptly filed the settlement instrument in the land records of Lamar County approximately twenty-two years before this suit was filed. There is nothing before this Court to show the existence of any fraud or any concealed fraud in this case. Consequently, it must be presumed conclusively as a matter of law that the written instruments contained the entire agreement between the parties thereto. Any tenable contention as to the existence of any oral promise to pay five thousand dollars not contained in the written instrument would be barred by the Mississippi Three Year Statute of Limitations.[2] Ordinarily, a suit in tort for damages is barred by the Mis-

---

1. § 1325 Mississippi Code 1942 provides: "In bills to confirm title to real estate, and to cancel and remove clouds therefrom, the complainant must set forth in plain and concise language the deraignment of his title; if title has passed out of the sovereign more than seventy-five (75) years prior to the filing of the bill, then the deraignment shall be sufficient if it show title out of the sovereign and a deraignment of title for not less than sixty (60) years prior to the filing of the bill; and a mere statement therein that complainant is the real owner of the land shall be insufficient, unless good and valid reason be given why he does not deraign his title; and in all such cases final decrees in the complainant's favor shall be recorded in the record of deeds, and shall be indexed as if a coveyance of the land from the defendant or each of them, if more than one; to the complainant or complainants, if more than one."

2. § 729 Mississippi Code 1942 provides: "Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, and on any title certificate relating to real property which was not a homestead and on which no title insurance policy was issued, shall be commenced within three (3) years next after the cause of such action accrued, and not after; provided, however, that the certificate referred to herein shall not apply to a certificate to the correctness of an abstract of title."

sissippi Six Year Statute of Limitations.[3] Aside from the other tenable defenses here, this right of action in its entirety would be barred by that six year statute. But there is more to this suit. The defendant would not drill this oil well until it first made its peace with these plaintiffs. It would not distribute the royalties until all of the owners claiming any interest therein had agreed thereto. The plaintiffs effectually agreed for a valuable consideration that they had no interest in such royalties and expressly authorized and directed the defendant to make distribution to the named rightful owners thereof.[4] Surely, under such circumstances even in a court of law these plaintiffs are now estopped[5] and are even barred by laches from changing their position and undertaking to profit by defendant's action in accordance with its agreements with them. There is simply nothing to try in this case and a trial would not be fruitful, or productive of any different result.

In sum, the plaintiffs have settled their claims to the full extent of their lawful interests in the mineral estate in said land and there has been a full accord and satisfaction thereasto. Alternatively, any claim they may have had has long since been barred by the three year and the six year statute of limitations. The motion of the plaintiffs for a summary judgment is without merit and will be overruled. The motion of the defendant to require the production of additional parties as necessary parties is without merit and will be overruled. Defendant's motion for a summary judgment is well taken and will be sustained.

A judgment accordingly may be presented.

3. § 722 Mississippi Code 1942 provides: "All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after."

4. There was no relationship of trust or confidence between these parties. Nothing before the Court shows anything to toll the statute. When these instruments were recorded, the alleged concealed fraud rule was dissipated. McMahon v. McMahon, 247 Miss. 822, 157 So.2d 494. Nothing presented to the Court as required by Civil Rule 56(e) shows any fraud perpetrated on plaintiffs. Fraud is never presumed but must be pled with particularity under Civil Rule 9(b), and proved by clear and convincing evidence.

5. A mere recital of fact in a deed is as effectual an estoppel as a covenant and binds parties and privies. Bush v. Person, (Miss.1855) 59 U.S. 82, 15, L.Ed. 273.